# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF OREGON

### EUGENE DIVISION

**A. B. KANO**,

        Plaintiff,

v.

**COMMISSIONER,** Social
Security Administration**,**

        Defendant.

Civ. No. 6:20-cv-00223-AA

**OPINION & ORDER**

_____

AIKEN, District Judge:

The Court granted the parties' stipulated motion to remand this case to the agency for determination of benefits.  ECF No. 23.  On November 3, 2021, the Court granted counsel's application for attorney fees under the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412.  On November 20, 2023, Plaintiff's counsel received a Notice of Award ("NOA") finding Plaintiff entitled to monthly benefits beginning in April of 2016.  ECF No. 29, Ex. A.  The NOA shows that counsel's efforts attained for the claimant approximately $229,070.00 in unpaid retroactive benefits.  *Id*.  Now, Plaintiff's counsel moves the Court for an award of attorney fees under 42 U.S.C. § 406(b).  ECF No. 29.  The Court GRANTS the motion.

Page 1 – OPINION & ORDER

In their motion, Plaintiff's counsel explains that their request for $34,835 represents 18% of Plaintiff's total unpaid retroactive disability benefits in the amount of $41,233, less the EAJA fee of $6,388 previously received by Plaintiff's attorneys under the EAJA..  *See* ECF No. 29 at 2 (explaining); ECF No. 28 (Order granting application for costs of $400.00 and fees in the amount of $6,398.19 under the EAJA).

Fees for representation of individuals claiming Social Security old-age, survivor, or disability benefits, both at the administrative level and in court, are governed by prescriptions Congress originated in 1965.  *See* Social Security Amendments of 1965, 79 Stat. 403, as amended, 42 U.S.C. § 406.  The statute deals with the administrative and judicial review stages separately: § 406(a) governs fees for representation in administrative proceedings; § 406(b) controls fees for representation in court.

Under 42 U.S.C. § 406(b), a court entering judgment in favor of a social security disability insurance claimant who was represented by an attorney "may determine and allow as part of its judgment a reasonable fee for such representation, not in excess of 25 percent of the total of the past-due benefits to which the claimant is entitled by reason of such judgment."  *Quinnin v. Colvin*, No. 1:12-CV-01133-SI, 2013 WL 5786988, at *1 (D. Or. Oct. 28, 2013) (quoting *Crawford v. Astrue*, 586 F .3d 1142, 1147 (9th Cir. 2009)).

For proceedings in court, Congress provided for fees on rendition of "a judgment favorable to a claimant."  42 U.S.C. § 406(b)(1)(A).  As part of its judgment, a court may allow "a reasonable fee ... not in excess of 25 percent of the ... past-due

benefits" awarded to the claimant. § 406(b)(1)(A). The fee is payable "out of, and not in addition to, the amount of [the] past-due benefits. *Gisbrecht v. Barnhart*, 535 U.S. 789, 795 (2002).

The Commissioner explains that Agency regulations and policy specifically set forth under what circumstances the agency withholds past-due benefits, releases them, and pays any court-authorized § 406(b) awards—and it is the agency's policy to make direct payment of court-authorized § 406(b) fee award to counsel, if possible. *See* 20 C.F.R. §§ 404.1728, 404.1730(a). ECF No. 32 at 3. The Commissioner withholds, at most, 25 percent of a claimant's past-due benefits for possible payment of authorized fee awards. However, the benefits withheld is a single pool, from which the Commissioner may direct pay attorney's fees for both agency representation (§ 406(a) awards) and court representation (§ 406(b) awards). *See Culbertson v. Berryhil*l, 139 S. Ct. 517, 523 (2019).

Typically, when an attorney receives fees under both the Equal Access to Justice Act and 42 U.S.C. § 406(b), the attorney must refund the smaller fee awarded to the claimant. *See Gisbrecht*, 535 U.S. at 796. Here, instead of refunding the EAJA fees, Plaintiff's counsel asks the Court to subtract (or "net") EAJA fees, such that the 406(b)amount awarded would be $34,835, representing in counsel's view the difference between the full 406(b) amount requested ($41,233) and the amount of EAJA fees already received ($6,388).

The Commissioner points out that there are two errors in this request in counsel's motion. First, the difference between $41,233 and $6,388 is $34,845.

Second, this Court in fact granted EAJA fees in the amount of $6,398.19. Thus, the relevant difference seems to be $34,834.81. The Commissioner takes no position on the request to award a netted 406(b) award.

The Court finds the Commissioner's mathematical calculation to be correct. The Court also notes that the text of Plaintiff's counsel's proposed order features the correct mathematical result, even where counsel's motion does not. ECF No. 29, Ex. D. The Court also has evaluated the factors stated in *Crawford v. Astrue*, 586 F .3d 1142 (9th Cir. 2009) and *Gisbrecht* to determine whether Plaintiff's counsel's fee request is reasonable. The Court applies the tests for reasonableness to the full amount of the fees sought under 406(b), $41,233.00.

First, the amount is less than 25% of Plaintiff's past-due benefits award, meeting the threshold inquiry. The Court also finds that the result and quality of representation reasonable, given that counsel's advocacy achieved a decision favorable to Plaintiff. The Court finds that counsel's hourly rate of $1,374 seems high, however, similar rates have been approved as reasonable in this district in cases of comparable complexity. *See Crawford*, 586 F.3d 1142 (9th Cir. 2009) (finding abuse of discretion where the district court reduced two fee requests that resulted in effective rates of $875 per hour and $902 per hour); *Powlison v. Commissioner*, No. 3:19-cv-01418-CL (D. Or. May 3, 2022) (approving effective hourly rate of $1, 120 (18% of back benefits) and 32 hours by counsel and had lean billing practices); *Griffin v. Comm'r of Soc. Sec.*, No. 3:19-CV-01594-IM, 2021 WL 5745990, at *3 (D. Or. Dec. 2, 2021) (approving de facto hourly rate of $989.67 for attorney time (18% of back

benefits) in a case that lacked complexity, was uncontested, and involved a low number of total hours billed but achieved a favorable result for the claimant and demonstrated "commendable, lean billing practices" that accounted for only attorney (and not paralegal) time (14.8 hours of attorney time)); *Quinnin v. Colvin*, 2013 WL 5786988, at *4 (D. Or. Oct. 28, 2013) (reducing fees to a de facto hourly rate of $1,240 for attorney time (15% of back benefits) because the case was not complicated, was largely uncontested, and involved an "unusually low number of hours billed by an attorney" (1.5 hours of attorney time)).

As to risk of the case, in any case where the undersigned attorney agrees to appeal to federal court (including this case), there is a substantial risk of non-payment, and there is always a significant delay in payment if Plaintiff prevails, and Plaintiff does not always prevail, resulting in no recovery for the attorney, despite the incurring of hours. Even though this case proceeded very efficiently, work began at the federal level in February of 2020, and the majority of payment in this case will have been delayed for 4 years or more from that date. See Ex. A. and B. Taking this case was a particular risk to Plaintiff's counsel because: 1) the ALJ raised issues and discounted the medical testimony, especially the treating physician's testimony, and conflicting medical opinions existed and were cited by the ALJ, and there was a counselor's note that was cited by the ALJ that did not on its face appear helpful; and 2) the ALJ raised issues and discounted Plaintiff's symptom testimony for several reasons including her work history which was complex.

## CONCLUSION

After considering Plaintiff's Motion for Attorney Fees, and counsel for Defendant's response, Plaintiff's Motion for Attorney Fees under 42 U.S.C. § 406(b) is GRANTED.  (ECF No. 29).

## ORDER

Order is hereby granted in the sum of $34,835.00 for attorney fees pursuant to 42 U.S.C. §406(b).  Fees under § 406(b) are to be drawn from Plaintiff's past-due benefits in accordance with Agency policy.  20 C.F.R. §§ 404.1728, 404.1730(a); Program Operations Manual System (POMS) GN 03920.050 and GN 03920.060.  The authorized fees are to be mailed to Plaintiff's attorneys at WELLS, MANNING, EITENMILLER & TAYLOR, P.C., 474 Willamette Street, Eugene, Oregon 97401.  Any amount withheld after all administrative and court attorney fees are paid should be released to the claimant.

It is so ORDERED and DATED this  15th  day of October 2024.

 /s/Ann Aiken

Ann Aiken
United States District Judge